# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| 4SEES, LLC., a Utah Limited Liability Company; JANE SEE, an individual; and JILL THOMAS an individual,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:16-cv-00695-JNP-PMW<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is a motion for extension of time to hire new counsel and to extend the remaining deadlines in the scheduling order (the "Motion")[2] filed by Plaintiff Jill Thomas on May 17, 2019. Defendant the United States of America ("Defendant" or "United States") opposes the Motion.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court exercises its sound discretion when deciding whether to modify a Scheduling Order." *Little v. Budd Co.*, No. 16-4170-DDC-KGG, 2018 WL 836292, at *2 (D. Kan. Feb. 13, 2018) (citing *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011)). And, "[t]he district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not

---

[1] *See* docket no. 22.
[2] *See* docket no. 61.

set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The Motion seeks first, a ninety-day extension of the deadline for Plaintiffs 4Sees, LLC., Jane See, and Jill Thomas (collectively, "Plaintiffs") to file a notice of appearance or substitution of counsel. The original deadline, May 24, 2019, was set by this court's order granting Plaintiffs' former counsel's motion to withdraw.[3] Second, the Motion seeks an extension of all remaining deadlines in this case. The Motion asserts that Plaintiffs "have had a difficult time finding and retaining competent, stable legal advice" despite the efforts recited in the Motion.[4] The Motion cites "the nature of the complaint and the amount the new attorneys must review and inspect" and the need for representation during depositions as support for the request to extend the remaining deadlines in the scheduling order.[5]

Defendant, for its part, does not oppose a thirty-day extension of Plaintiffs' deadline to file substitution of counsel, until June 24, 2019. Defendant does oppose a ninety-day extension, however. Defendant argues that a ninety-day extension of this deadline would "disadvantage[] the United States" because "[t]he primary witnesses in this case are seasonal wildland firefighters, many of whom have left or will leave federal service, or have left Utah."[6] Moreover, the United States argues that "as the case ages, witnesses' memories will continue to fade, making defense of this matter more difficult."[7]

---

[3] *See* docket no. 60.
[4] Docket no. 61 at 1-3.
[5] *Id.* at 3.
[6] Docket no. 63 at 2.
[7] *Id*.

The court concludes that the Motion demonstrates good cause for extending the deadline to obtain new counsel. Moreover, Defendant's arguments of prejudice are merely speculative. Defendant has produced no evidence that witnesses will leave federal service or the state of Utah in the next sixty (60) days, or that witnesses' memories are more likely to fade any more in the next sixty (60) days than they have in the last three years, since the commencement of this action. Accordingly, with respect to the request for an extension of the deadline to obtain new counsel, the Motion is granted.

As for the Motion's request for an extension of the remaining deadlines in the scheduling order, that request is denied. After Plaintiffs have retained new counsel, their new counsel may review the scheduling order and file any motion for extension of the remaining deadlines as they see fit.

In summary, the Motion[8] is hereby **GRANTED IN PART and DENIED IN PART** as set forth above. Accordingly, the court hereby **ORDERS** that Plaintiffs' deadline to file a notice of appearance or substitution of counsel is extended ninety (90) days from the original deadline, to August 22, 2019.

**IT IS SO ORDERED**.

DATED this 20th day of June, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[8] *See* docket no. 61.